**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kevin LEWIS, Defendant—Appellant.**

No. 05–10320.

United States Court of Appeals, Ninth Circuit.

Submitted May 17, 2006.*

Decided May 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ray Gattinella, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Kevin A. Tate, AFPD, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: KOZINSKI and FISHER, Circuit Judges, and BLOCK, District Judge.\*\*

## MEMORANDUM \*\*\*

■ 1. The narcotics the police discovered in Lewis's apartment while serving an arrest warrant on an unrelated indictment were attenuated from the illegal firearm seizure that formed the basis for that indictment, and were therefore admissible. The district court properly identified the relevant inquiry as whether the initial seizure "tend[ed] significantly to direct the investigation toward the specific evidence sought to be suppressed." *United States v. Smith,* 155 F.3d 1051, 1061 (9th Cir. 1998) (internal quotation marks and emphasis omitted). Although there was a causal link between the initial illegality and the discovery of the contraband, the officers did not exploit the illegal seizure to uncover evidence of a drug crime, and the seizure did not lead the officers directly to the narcotics in Lewis's bedroom. Moreover, the discovery of the contraband was separated from the firearm seizure by three months, was preceded by the issuance of a valid indictment, and occurred by chance while serving an arrest warrant on that indictment. *See United States v. Shephard,* 21 F.3d 933, 939–40 (9th Cir.1994). Because discovery of the narcotics was not tainted by the initial illegality, the incrimi-

\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**668**

nating statements Lewis made as a result of the lawful seizure of the contraband were necessarily also free of any taint.

■ 2. The seizure of the cocaine base in the shoe box also satisfied the "plain view" exception to the warrant requirement. To satisfy this exception, (1) the officer must have been lawfully in the place where the seized item was in plain view; (2) the item's incriminating nature must have been immediately apparent; and (3) the officer must have had a lawful right of access to the object itself. *United States v. Wong,* 334 F.3d 831, 838 (9th Cir.2003) (citing *Horton v. California,* 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). The officer who discovered the cocaine base was present at Lewis's apartment to serve an arrest warrant on a valid indictment, and observed the contraband while accommodating Lewis's request to retrieve a shirt from his bedroom. The magistrate judge's findings, adopted by the district judge, that the contraband was visible to the officer without manipulating the shoe box and that the incriminating nature of the evidence was immediately apparent, were not clearly erroneous. *See United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.